IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.:_____ |
| | ) |
| WAL-MART STORES, INC., et al, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW WAL-MART STORES EAST, L.P.,** incorrectly designated in the Complaint as **"WAL-MART STORES, INC."** (hereinafter **"WAL-MART"),** the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action to the United States District Court for the Northern District of Alabama, Southern Division. As grounds therefor, the Defendant states as follows:

1. The Plaintiff is a resident citizen of the State of Alabama and was a resident citizen of the State of Alabama at the time of this Notice of Removal.

2. The Defendant was organized and exists under the laws of the State of Delaware and its principal place of business both at present and at the time of the incident made the basis of this suit is the State of Arkansas. Accordingly, the

Defendant is a citizen of the States of Delaware and Arkansas.

3. This action is removed within 30 days of the date within which it is first removable as the Defendant was served with the Complaint and Summons on September 25, 2017.

4. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

5. The Plaintiff filed suit against Wal-Mart on September 15, 2017, alleging negligence with regard to an incident that occurred on or about July 29, 2016 at Wal-Mart Store #1158 in Adamsville, Alabama. The Plaintiff seeks an unspecified amount of compensatory and punitive damages in the Complaint. (Plaintiff's Complaint).

6. According to the Complaint, the Plaintiff suffered physical pain and suffering, mental anguish and emotional distress, as well as permanent injury. On June 5, 2017, counsel for the Plaintiff forwarded a pre-litigation settlement demand outlining the Plaintiff's medical expenses and damages. (Correspondence from Plaintiff's Counsel to Claims Management, Inc., attached hereto and made a part hereof as Exhibit 1.)

7.  The Plaintiff's demand letter outlined her monetary damages as follows:

| PROVIDER | CHARGES |
|---|---|
| American Family Care | $887.00 |
| Southern Orthopedic Specialist | $4,176.00 |
| Shades Mountain Imaging | $2,555.00 |
| Alabama Spine & Rehabilitation Center | $726.00 |
| Birmingham Surgery Center | $8,163.00 |
| Southern Orthopaedic Specialists | $3,142.00 |
| Birmingham Surgery Center | $8,571.00 |
| Alabama Spine & Rehabilitation Center | $744.00 |
| TOTAL | $28,964.00 |

Ex. 1.

8.  Title 28, United States Code § 1332 confers on federal courts jurisdiction in civil actions "in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." A party may remove the case if it originally could have been brought in federal court. See, 28 U.S.C. § 1441(a).

9.  In the instant action, it cannot be disputed that this case is between citizens of different states. With respect to the amount in controversy, Courts apply a preponderance of the evidence standard to the amount in controversy analysis when the complaint fails to specify the damages award sought in state court. See, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007).

10. In the case at bar, the Plaintiff did not specify an amount in controversy; therefore, the preponderance of the evidence standard applies to the determination of whether this Court has jurisdiction over the Plaintiff's claims.

11. The Eleventh Circuit has recognized that a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. See, generally, Burns v. Windsor, Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); see also Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp 2d 1279, 1281 (S. D. Ala. 2009). Settlement offers, like the Plaintiff's June 5, 2017 letter to Claims Management, Inc., that offer specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of her claim and are entitled to more weight. See McKeel v. Hodum Trucking, LLC, No. 12-0079-CG-M, 2012 U.S. Dist. LEXIS 93781 (S.D. Ala. June 18, 2012) (citations omitted).

12. The Plaintiff's settlement demand outlines specific monetary damages and the letter describes its demand of $300,000.00 as made "in good faith" considering the circumstances surrounding the accident. As such, the letter and the serious nature of Plaintiff's claimed damages serve as sufficient evidence of the jurisdictional amount in this action. See McCullough v. Plum Creek Timberlands, L.P., No. 3:09-cv-1038-MHT, 2010 U.S. Dist. LEXIS 23 (M.D. Ala. Jan. 4, 2010). See also Bush v. Winn Dixie, LLC, 132 F. Supp. 3d 1317 (N.D. Ala. 2015); Smith

v. State Farm & Casualty Co., 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012)(holding that "plaintiffs….who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court…").

13. Here, the Plaintiff has not disclaimed entitlement to more than $74,999.99, but instead made a good faith effort to resolve the subject litigation for an amount clearly in excess of the jurisdictional limit. As such, removal is proper.

14. A copy of this Notice of Removal has been filed with the Circuit Court of Jefferson County, Alabama.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests this Court to assume full jurisdiction over the cause herein as provided by law.

/s/ Deborah Ann Wakefield
**DEBORAH ANN WAKEFIELD**
Attorney for Defendant

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
(205) 326-6600
dwakefield@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of October, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Mr. Brett Hollett
**FARRIS, RILEY & PITT, L.L.P.**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, Alabama 35203
T: (205) 324-1212
F: (205) 324-1255
bhollett@frplegal.com

/s/ Deborah Ann Wakefield
OF COUNSEL