DOCUMENT 2

ELECTRONICALLY FILED
9/15/2017 2:38 PM
01-CV-2017-903808.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

FILED
2017 Oct-25 PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TRACY JOHNSON, )
)
    Plaintiff, )
) Civil Action No.: CV-2017-_____
v. )
)
WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1158; there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the party Defendants which the Plaintiffs must include by descriptive characterization are as follows:

No. 1, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

No. 2, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

No. 3, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

No. 4, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the ingress or egress to and/or from the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

No. 6, , whether singular or plural, that governmental entity or those governmental entities that had charge or control of the premises involved in the occurrence made the basis of this lawsuit;

No. 7, whether singular or plural, that entity or those entities who or which conduct safety inspections, or who or which were responsible for conducting safety inspections at or with reference to the premises involved in the occurrence made the basis of this lawsuit, both prior to and on the date of said occurrence;

No. 8, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity that owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, both prior to, on and/or after the date of said occurrence;

No. 9, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named Defendants or fictitious parties defendant listed or named herein;

No. 10, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No. 11, whether singular or plural, that entity or those entities whose willful, reckless, negligent, wanton or otherwise wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;

No. 12, whether singular or plural, that entity or those entities, other than those entities described above, who or which are the successors in interest of those entities described above;

No. 13, whether singular or plural, that entity or those entities, other than those entities described above, who or which was the predecessor in interest of those entities described above;

No. 14, whether singular or plural, that entity or those entities who or which are responsible for conducting business open to members of the general public with defective and/or unreasonably dangerous premises;

No. 15, whether singular or plural, that entity or those entities who or which was designated as the store manager, assistant manager or any other designation for the defendant employee responsible for the overall control of store operations and employees on or about the date and time giving rise to the Plaintiff's injuries, and who was on duty and responsible for the premises on the date the Plaintiff was injured;

No. 16, whether singular or plural, that entity or those entities who or which failed to adequately warn the Plaintiff that a defective and/or dangerous condition/hazard existed on, in and/or within the premises made the basis of this lawsuit, at or about the time the Plaintiff was injured;

No. 17, whether singular or plural, that entity or those entities who or which are responsible in any way for the actions, omissions, negligence, wantonness and/or other wrongful conduct that has caused or contributed to cause the Plaintiff's injuries and damages as stated herein.                           )
                                                                                          )
        Defendants.                                                                       )

## COMPLAINT

1. Plaintiff, Tracy Johnson, is an individual over the age of nineteen (19) years and a resident citizen of Jefferson County, Alabama.

2. Defendant, Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter #1158, is a corporate entity qualified to do business in the State of Alabama at all times relevant and

material to the present action, in Jefferson County, Alabama. Specifically, the premises forming the basis of this action is identified as Wal-Mart Store #1158 and located at 2473 Hackworth Road, Birmingham, AL 35214.

3. The actions, inactions and/or events giving rise to the Plaintiff's claims occurred wholly within the geographical boundaries of Jefferson County in the State of Alabama.

4. The amount in controversy exceeds the jurisdictional minimums of this Honorable Court.

5. Jurisdiction and venue are proper in this Court.

## COUNT I
### Negligence/Wantonness

6. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

7. On or about of July 29, 2016, Plaintiff Tracy Johnson was a business patron invitee on the premises of Wal-Mart Supercenter #1158 located in Birmingham, Jefferson County Alabama.

8. On said date and place, Plaintiff was struck by an object being moved by a store employee thereby causing her serious personal injuries.

9. The Plaintiff further alleges that on said date and at said place, the Defendant and those designated fictitious parties negligently supervised the area where the Plaintiff was injured and negligently failed to insure a safe and hazard-free premises in the area where the Plaintiff was injured.

10. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, had a duty to provide a safe, secure and hazard-free establishment for patrons on said premises.

11. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, were negligent and/or wanton in their supervision of the area where the Plaintiff was injured and that the Defendants' negligence and/or wantonness rendered said area dangerous for individuals, including the Plaintiff.

12. The Plaintiff further alleges that as a direct and proximate result of aforesaid negligence and/or wantonness on the part of the Defendants, whether named or fictitious party Defendants, the Plaintiff, Tracy Johnson was proximately caused to suffer the following injuries and damages:

    (a) she was caused to suffer physical pain and suffering;

    (b) she was caused to suffer mental anguish and emotional distress;

    (c) she was caused to seek medical treatment and was prevented from going about her normal activities;

    (d) she was caused to be permanently injured;

    (e) she was caused to incur medical expenses to treat and cure her injuries;

    (f) she was caused to be injured and damaged, all to her detriment.

13. Plaintiff avers that on said occasion, the negligence and wantonness of all Defendants, whether named or fictitious parties, combined and concurred, caused the Plaintiff to be injured and damages as set forth herein.

WHEREFORE, Plaintiff demands judgment against each of the Defendants jointly and severally, in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for her injuries and damages sustained, together with interest from the date of injury and the costs of this proceeding. Further, the Plaintiff requests a verdict for the Plaintiff and against each Defendant, and requests that punitive damages be awarded to

the Plaintiff in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and will effectively prevent other similar wrongful acts.

## COUNT II
### Fictitious Defendants

14. Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

15. Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "Numbers 1-17", combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in COUNT I above. Defendants "Numbers 1-17", whose current names and identities are unknown to the Plaintiff at the present time, will be correctly named and identified by amendment when properly ascertained.

WHEREFORE, the Plaintiff claims of the Fictitious Defendants, "Numbers 1-17", damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

Respectfully submitted,

/s/Brett Hollett
BRETT HOLLETT (HOL136)
Attorney for Plaintiff

**THE PLAINTIFF HEREBY DEMAND TRIAL BY JURY**

/s/Brett Hollett
BRETT HOLLETT (HOL136)

OF COUNSEL:

**FARRIS, RILEY & PITT, L.L.P.**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, Alabama 35203
T: (205) 324-1212
F: (205) 324-1255
bhollett@frplegal.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

CT Corporation System
2 North Jackson St, Suite 605
Montgomery, AL 36104